## STATE EX REL. BRYAN McOSKER v. CITY COUNCIL OF MINNEAPOLIS AND OTHERS.[1]

May 7, 1926.

No. 25,105.

**Soldiers Preference Law not applicable to head of department.**
   G. S. 1923, §§ 4368 and 4369, being the Soldiers Preference Law, does not apply to an officer who is the head of a department.

Mandamus, 38 C. J. p. 703 n. 4.
Municipal Corporations, 28 Cyc. p. 400 n. 28 New; p. 404 n. 67.

Alternative writ of mandamus issued by the district court for Hennepin county to the common council of Minneapolis commanding it to revoke the appointment of one Noyes as city clerk and to investigate the qualifications of the relator for the position in accordance with the provisions of the Soldiers Preference Act. The respondents demurred to the alternative writ. Their demurrer was sustained, Guilford, J. The relator appealed. Affirmed.

*Shaw, Safford, Putnam & Shaw* and *Harold N. Rogers*, for appellant.

*Neil M. Cronin*, City Attorney, *Thomas B. Kilbride*, Assistant City Attorney, and *Fowler, Carlson, Furber & Johnson*, for respondents.

WILSON, C. J.
Mandamus to compel the city council to investigate and act under G. S. 1923, §§ 4368, 4369, known as the Soldiers Preference Law.

An applicant who comes within the statute is entitled to the use of the writ of mandamus for the purposes sought. State ex rel. v. Empie, 164 Minn. 14, 204 N. W. 572.

The city clerk is an officer under the language of the city charter, c. 3, § 3. He is elected by ballot requiring the affirmative vote of a majority of all members of the council. Chapter 2, § 2. He may appoint an assistant city clerk. Chapter 3, § 4. The charter de-

[1] Reported in 208 N. W. 1005.

fines the clerk's duties. He is not subject to the direction of the council. His salary is an incident to his office. He takes an oath and holds his office for two years. He has charge of his office and all employes therein. He is the head of his department.

The title to the act as stated in L. 1907, p. 355, c. 263, is:

"An act regulating appointments, employment and removals in public departments and upon public works in the State of Minnesota, and the counties, cities and towns thereof, relating to state, judicial, county, township, city and town officers."

The preference is in "appointments, employment and promotion over" other applicants. The statute provides: "Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer." It is plain that the position of the assistant clerk would not come within the operation of the act. If not, why may we say the legislature intended to have the law applicable to the superior position—the head of the department? The statute says that no person holding a "position" shall be removed. The exclusion last quoted herein uses the term "position" which is not an office. Nor does a public officer occupy a place of employment. The use of the word "promotion" could hardly be applicable to the office of city clerk. If the act applies to the office of city clerk it would also apply to the Department of Public Welfare, City Charter, c. 14, and to the City Planning Commission, c. 13, and the Civil Service Commission, c. 19. We do not think the legislature intended to restrict the appointment of these officials to ex-service men who apply for the appointments. Such board must be appointed before there is a department. The word "officers" as expressed in the title of our preference law must be construed as meaning that such officers in the appointment of their subordinates should be governed by the provisions of the act and not that the officers themselves are to be selected thereunder. The original New York Act used the word "employment" in the title, not the word "appointments," but this distinction is of little significance. The New York law was subsequently amended so that

it is now substantially a duplicate of our law and in its present form has been construed as indicated.

We are of the opinion that a reasonable construction of this law requires us to say, as we do, that it does not apply to the officer who is head of a department. The preference is to be given in the department with certain exceptions. Such is the general understanding of it. The language of the title and of the law falls short of suggesting that public officers vested with discretion in the performance of their duties, not subject to direction from superior authority but on the contrary possessing the necessary authority to appoint clerks and subordinates, were contemplated as coming within the act.

A law of similar import in the state of New York, which uses the word "position" and refers to employment, has been construed as not applicable to the heads of departments but only to all subordinates in such public service and relating to such employes as are not vested with discretion. People v. Board of Trustees, 35 App. Div. 141, 54 N. Y. Supp. 1083; People v. Morton, 148 N. Y. 156, 42 N. E. 538; People v. Van Wyck, 157 N. Y. 495, 52 N. E. 559; In the Matter of Christey v. Cochrane, 211 N. Y. 333, 105 N. E. 419. Appellant relies upon the somewhat contrary authority of Shaw v. City of Marshalltown, 131 Iowa, 128, 104 N. W. 1121, 10 L. R. A. (N. S.) 825, 9 Ann. Cas. 1039, but that case involved only the constitutionality of the Iowa act and the propriety of mandamus as a remedy and insofar as it is an inferential authority in support of appellant it is not persuasive.

Affirmed.