SETH R. PHILLIPS v. ST. PAUL HUMAN AND
CIVIL RIGHTS COMMISSION AND ANOTHER.

151 N. W. (2d) 261.

May 19, 1967—No. 40,725.

*Joseph P. Summers,* Corporation Counsel, and *Paul J. Kelly,* Assistant
Corporation Counsel, for appellants.
*Joseph Perry,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On August 13, 1964, the St. Paul city council passed an ordinance [1]
creating the St. Paul Human and Civil Rights Commission, which took
over the duties of the St. Paul Fair Employment Practice Commis-
sion. The ordinance provided that the executive secretary of the old com-
mission would be executive secretary of the new one.[2] Seth R. Phillips

---

[1] St. Paul Legislative Code, c. 74.
[2] St. Paul Legislative Code, § 74.07(3).

had held that office since November 16, 1961, having been appointed by the old commission and his appointment ratified by the St. Paul city council. On September 20, 1966, the new commission passed a motion declaring that the executive secretary was a department head and thus removable without a hearing despite his status as an honorably discharged veteran within the meaning of Minn. St. 197.46.[3] The commission then discharged Phillips, and its action was approved by the St. Paul city council on September 27, 1966.

Phillips commenced action in the District Court of Ramsey County to compel the commission and the city council to reinstate him. The district court entered findings of fact and conclusions of law favorable to plaintiff. Judgment was entered and defendants appeal.

Two issues are presented: (1) Did the trial court properly refuse to give weight to the commission's determination that Phillips was a department head, and (2) is the trial court's finding that plaintiff's position was not that of a department head sustained by the evidence?

■ Defendants contend that the trial court erred in not limiting its function to a review of the reasonableness of the commission's action in determining that plaintiff's position was that of a department head. They cite two attorney general's opinions which state that the appointing authority must, in the first instance, make the determination whether the person sought to be removed is a department head.[4] The statute, however, provides that "[t]he burden of establishing such relationship shall be upon the appointing officer in all proceedings and actions relating thereto." As noted above, the commission's predecessor ap-

---

[3] Minn. St. 197.46 provides in part: "No person holding a position by appointment or employment in the state of Minnesota or in the several * * * cities * * * and all other * * * agencies thereof, who is an honorably discharged veteran, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing. * * * Nothing in sections 197.45 and 197.46 shall be construed to apply to the position of * * * [the] head of a department * * *. The burden of establishing such relationship shall be upon the appointing officer in all proceedings and actions relating thereto."

[4] Opinions Attorney General, No. 120, Gr. 3, June 17, 1965, and No. 85c, July 16, 1964.

pointed plaintiff, which appointment was ratified by the city council. In light of this, the attorney general's opinions mean only that the appointing authority must decide by what means it wishes to bring about the removal, not that such a decision is entitled to extraordinary weight in subsequent judicial proceedings. In all of our prior cases, the trial court evidently made a de novo determination as to the status of the person sought to be removed. See, e. g., State ex rel. McGinnis v. Police Civil Serv. Comm. 253 Minn. 62, 91 N. W. (2d) 154; State ex rel. Sprague v. Heise, 243 Minn. 367, 67 N. W. (2d) 907; State ex rel. Trevarthen v. City of Eveleth, 179 Minn. 99, 228 N. W. 447; State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572.

The holding of State ex rel. McGinnis v. Police Civil Serv. Comm. *supra,* striking down the portion of Minn. St. 1957, § 197.46, which provided that "[t]he burden of proving incompetency or misconduct shall rest upon the governmental subdivision alleging the same," is clearly distinguishable. That decision was based upon the fact that determining employees' efficiency is not a proper judicial function. Determining whether one is the head of a department within the meaning of a statute, however, is a proper judicial function.

■ The evidence at trial was sufficient to sustain the trial court's finding that plaintiff's position was not that of a department head within the meaning of Minn. St. 197.46. In State ex rel. McGinnis v. Police Civil Serv. Comm. 253 Minn. 62, 75, 91 N. W. (2d) 154, 163, based upon our prior cases, we set down as criteria for determining whether a position is that of a department head the following:

(1) Does the alleged department head have charge of the work done by his department?

(2) Does his work require technical, professional training?

(3) Is he the highest authority at that level of government as to his official duties?

(4) Does he supervise all of the work in his department?

(5) Does the success of his department depend on his technique?

(6) Are the employees in the department under his direction?

(7) Are his duties more than merely different from other employees?

(8) Does he have power to hire and fire subordinates?

In light of these criteria, the evidence, construed most favorably to plaintiff, showed the following:

(1) The ordinance provides that "[t]he executive secretary shall attend to the administration of the Commission's business." [5] There was sufficient evidence to show that the executive secretary, as well as the two other full-time employees, the assistant executive secretary and the office secretary, was authorized to act only in accordance with the directions of the commission and its committees. The commission met approximately 12 times a year, although after the difficulties with plaintiff arose it resolved to have only 4 official meetings a year. The committees met regularly. Plaintiff often attended commission and committee meetings but had no vote thereat. Although he made investigations and recommendations at the request of or with the permission of the commission, only it and its committees had authority to set policies, establish rules and regulations, and decide cases. The trial court could have found plaintiff did not truly have "charge of the work done by his department" and that the commission and its committees had charge of such work.

(2) The work required no specific type of technical, professional training. Plaintiff is an attorney, but he testified without contradiction that many executive secretaries of similar commissions are not attorneys. His duties were primarily receiving complaints, investigating them, and reporting to the commission or one of its committees.

(3) The commission and its committees controlled his official duties. He was authorized only to act in accordance with the directions of the commission and its committees. He had no power to act in the name of the commission.[6]

(4) Plaintiff did not supervise the work done directly by the commission itself or by its committees. He may have supervised some of

---

[5] St. Paul Legislative Code, § 74.07(3).

[6] The ordinance creating the commission, as enacted, omitted a proposed provision that "[t]o the extent determined by the Commission and subject to its direction and control, the Executive Secretary may exercise the powers

the work done by the other two employees, but he did not supervise all of it. The assistant executive secretary was apparently primarily responsible to one of the commission's committees. A very small proportion of plaintiff's time was spent in any type of supervisory activity. His other work was supervised by the commission and its committees. The work of the two other employees was often ordered directly by the commission or its committees or its chairman. When plaintiff did direct the other employees' work, he often was acting only as a conduit between the commission or its committees and the employee.

(5) There was sufficient evidence for finding that the success of the department depended more upon the commission's than upon plaintiff's technique.

(6) Although plaintiff on occasion directed the work of the commission's other two employees, in doing so, as noted above, he often was acting merely as a conduit. Moreover, the employees' work was often ordered directly by the commission or its committees or its chairman.

(7) His duties were not substantially different from those of the assistant executive secretary.

(8) He had no power to hire or fire anyone.

At trial, some mention was made of a petty cash fund which plaintiff was authorized to utilize. But it appeared that the fund was set up with the mayor's authorization; that it contained a relatively small amount of money (possibly $25); and that the other two full-time employees also had access to the fund.

Defendants stress the fact that plaintiff's position was not covered by civil service. The position of assistant executive secretary is not so covered either, although that of office secretary is. While civil service coverage may well be a factor, it is not conclusive. See, State ex rel. McGinnis v. Police Civil Serv. Comm. *supra.*

---

and perform the duties of the Commission." See, St. Paul Legislative Code, § 74.07(3).

Plaintiff testified without contradiction that he had no authority to act in the name of the commission or to enter into binding conciliation agreements without its specific authorization.

Defendants also emphasize the fact plaintiff was the highest paid individual connected with the commission, and that the commissioners were not salaried.[7] However the commissioners are not mere volunteers. They are appointed to regular terms by the mayor with the concurrence of the city council[8] and exercise considerable power in the field allocated to them by the ordinance.

State ex rel. Stubben v. Board of County Commrs. 273 Minn. 361, 141 N. W. (2d) 499, cited by defendants, is distinguishable. In that case, as an alternative ground for affirming the trial court's determination, we noted that the position there involved was that of a department head in that it entailed "almost complete control over administrative functions" of the department. 273 Minn. 372, 141 N. W. (2d) 506. The trial court in the present case was justified in finding the position here considered did not entail such control.

The evidence as a whole supports the trial court's finding that plaintiff's position was not that of a department head.

Affirmed.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.

---

[7] The ordinance does provide for payment of a stipend to commissioners for service as hearing officer or upon a hearing panel. See, St. Paul Legislative Code, § 74.07(2)(c).

[8] St. Paul Legislative Code, § 74.06.