**Howard F. YOUNG, petitioner, Respondent,**

v.

**CITY OF DULUTH, Appellant.**

No. C6-87-916.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Joseph J. Roby, Jr., Johnson, Fredin, Killen, Thibodeau & Seiler, P.A., Duluth, for respondent.

William P. Dinan, Duluth City Atty., Bryan F. Brown, Deputy City Atty., Duluth, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN*, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The City of Duluth appeals from a judgment of the trial court granting respondent Howard F. Young reinstatement of employment with backpay and benefits. The sole issue before the trial court on remand from the Minnesota Supreme Court was whether the city abolished Young's position in good faith. The trial court found the city merely reassigned Young's duties to nonveteran employees less senior than he. We affirm

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

the trial court's decision, but remand for more detailed findings.

## FACTS

The facts of this case are fully set forth in *Young v. City of Duluth*, 372 N.W.2d 57 (Minn.Ct.App.1985) (*Young* I) and *Young v. City of Duluth*, 386 N.W.2d 732 (Minn. 1986) (*Young* II). In *Young* I, this court reversed the decision of the trial court which had denied Young's petition for a writ of mandamus as untimely. This court ruled that the city's failure to notify Young in writing of his right to demand a predismissal hearing meant the 60–day time period within which he could demand the hearing had not begun to run. The supreme court affirmed, but remanded the case to the district court "for a determination on whether the city did, in good faith, abolish Young's position." *Young* II, 386 N.W.2d at 738. The supreme court directed the trial court that "[i]f the city merely reassigned Young's duties to nonveteran employees less senior than he, his position was not abolished in good faith, and he is entitled to reinstatement with back pay." *Id.* at 738–39 (footnote omitted).

The trial court on remand found the duties previously handled by Young "had either totally or substantially been transferred to other employees" less senior than he, and that such employees were nonveterans. Accordingly it found the city had acted in bad faith, and awarded Young reinstatement to his position with backpay and other lost benefits. The city moved for amended findings or a new trial and Young moved for an award of prejudgment interest. The trial court denied the city's motions and granted Young's motion. The city appeals and claims the trial court misinterpreted the directions of the supreme court in *Young* II.

## ISSUES

1. Did the trial court err in determining that the city's conduct in abolishing Young's position was not in good faith?

2. Were the trial court's findings stated with sufficient specificity?

## ANALYSIS

1. The city claims the trial court erred in its application of the law in determining whether the city acted in good faith by abolishing Young's position. The city claims the issue is whether Young's *position* was abolished in good faith, not whether his duties were given to other people. In fact, the city claims all of Young's duties, both before and after the layoff, were not sufficient to constitute a position; there were not enough duties to make a full time job for Young at his position. Thus, the city in good faith abolished Young's position and merely reassigned his former duties to other workers. As each employee took on Young's duties, the employee had additional duties so as to create a full time position. Thus, the employees who took over Young's duties did not take over his position. Young's position has not existed since he was terminated. This termination was caused by a legitimate need of the city and was in good faith.

█ This argument fails to take into account the supreme court's instructions in *Young* II. There the supreme court stated:

> If the city merely reassigned Young's duties to nonveteran employees less senior than he, his position was not abolished in good faith, and he is entitled to reinstatement with back pay. The Veterans Preference Act is applicable to cases in which public employers reassign duties in times of revenue shortfalls and budget cuts. No exception in the Act exists for such situations. Thus, veterans have a preference over nonveteran employees less senior than they to continue to perform duties for which they are qualified if the public employer continues to need such duties performed.

*Young* II, 386 N.W.2d at 738–39 (footnote omitted). The trial court specifically found the city reassigned all or substantially all of Young's duties to nonveteran employees less senior than he. Thus, the city did not act in good faith. Furthermore, the supreme court specifically discussed the reas-

signment of duties by a public employer. It is clear that reassignment of duties in the guise of "abolishing a position" constitutes bad faith.

The city's interpretation of the legal standard of good faith simply does not comport with the standard set out in *Young* II. The trial court did not err in its determination that the city did not act in good faith when it abolished Young's position.

2. The city also claims the trial court's findings and conclusions are not specific enough for the parties to carry out the judgment. First of all, the trial court failed to mention whether Young had a duty to mitigate damages, and if so, what amount should be used to offset his damages award. Young acknowledges his duty to mitigate; a veteran is required to offset his claim for wages by the amount which, through the exercise of due diligence, they could have earned in employment of a like kind or grade. *Henry v. Metropolitan Waste Control Commission*, 401 N.W. 2d 401, 406 (Minn.Ct.App.1987). A veteran covered by the Veterans Preference Act is subject to mitigation of damages principles usually applied to breach of employment contracts. *Id.* Unemployment compensation is not regarded as compensation received from other employment so as to be deductible in mitigation of damages. *Bang v. International Sisal Co.*, 212 Minn. 135, 141, 4 N.W.2d 113, 116 (1942). There was evidence introduced at trial establishing how Young had mitigated damages. Yet, the trial court failed to include this item in its order. For this reason, we remand the matter to allow the trial court to set out precisely what amount should be used to offset the damage award. Young's damage award should be offset in accordance with the above-stated principles.

The city claims the trial court also failed to address whether back pay is necessary for the entire time Young was not employed by the city or for only the times when there actually was work to be performed in Young's position. The city claims there were periods when there was no work available to Young and he would have been unemployed during these periods for lack of work. This factual issue was raised before the trial court. The trial court found the duties previously handled by Young were reassigned to employees less senior than he, and that Young was "entitled to backpay for the period during which he was not employed by" the city. These findings indicate the trial court decided this factual issue in favor of respondent. Because these findings of fact are not clearly erroneous, we affirm the trial court on this issue. Young is entitled to all backpay and benefits he would have received during the entire period he was not employed by the city.

Finally, the trial court failed to specifically address how to determine the cost of the fringe benefits Young would have received. The City of Duluth is self funded for insurance and employee benefits. It pays no premiums but instead pays out claims as they arise. The reasonable value of these benefits should be readily obtainable from commercial insurance carriers. Young is entitled to the reasonable value of the benefits. Accordingly the trial court should issue an additional order specifically finding the amount due to Young. The trial court may, if necessary, receive additional evidence in order to properly determine the value of the benefits.

## DECISION

The instructions of the supreme court are clear, and the trial court followed them to arrive at its decision. That decision was not clearly erroneous. However, the findings of the trial court do not specifically address every item in detail; we remand the case for further findings in accordance with this decision.

Affirmed in part, reversed in part and remanded.