**Richard D. ANDERSON, Relator,**

v.

**CITY OF MINNEAPOLIS, Respondent.**

**No. C2–92–1317.**

Court of Appeals of Minnesota.

Dec. 15, 1992.

Review Granted Feb. 12, 1993.

Gayle Gaumer, Thomas Bennett Wilson III, Wilson Law Firm, for relator.

Robert J. Alfton, Minneapolis City Atty., C. Lynne Fundingsland, Asst. City Atty., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and HARTEN and FOLEY, JJ.*

---

* Retired Judge of the Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

HARTEN, Judge.

Relator, Richard D. Anderson, is a veteran who left work, collected a medical disability allowance and subsequently returned to work by accepting a demotion. He challenges the order of the Commissioner of the Department of Veterans Affairs dismissing his petition for relief, ruling that Anderson's demotion was not subject to the notice and hearing requirements of the Veterans Preference Act (VPA), Minn. Stat. § 197.46 (1982).

## FACTS

Anderson is an honorably discharged United States Army veteran who began working for respondent City of Minneapolis in 1962. Between 1962 and September 1979, Anderson was employed at four civil service levels beginning with Account Clerk I and advancing to Accountant II.

In September 1979, Anderson requested an unpaid leave of absence to seek disability status under Minn.Stat. § 422A.18 (1978) (the Disability Act). Shortly thereafter, Anderson applied for a non-duty disability allowance through the Minneapolis Employees Retirement Fund (MERF). Anderson's application was granted in April 1980, retroactive to September 1979.

Between April 1980 and March 1983, Anderson received a $994.43 per month disability allowance. In December 1982, the MERF board advised the city that Anderson was no longer disabled and could return to work.

In March 1983, in accordance with the Disability Act, the city re-employed Anderson in the position of Account Clerk I at a bi-weekly salary of $560.00. The Disability Act requires that disability beneficiaries, when certified to be no longer physically or mentally incapacitated, must be re-employed at a salary of not less than the amount of the disability allowance. Minn. Stat. § 422A.18, subd. 4 (1982).

As part of Anderson's re-employment, the city had him sign a voluntary demotion form. The form stated that Anderson was requesting voluntary demotion from Accountant II to Account Clerk I—his original employment level. According to the city, had Anderson not signed this demotion form, he would have lost seniority attained prior to taking his disability leave, returning as an Account Clerk I at the lowest seniority level.

In 1991, Anderson filed a petition for relief with the Department of Veterans Affairs. He asserted that the demotion to Account Clerk I occurred in violation of the VPA because the city did not give him notice of his VPA rights. Anderson's petition requested an order directing the city to: (1) reinstate him at his pre-disability position of Accountant II; (2) pay him an award of back-pay and benefits; and (3) comply with all the provisions of the VPA.

A hearing was conducted through the Office of Administrative Hearings, after which an administrative law judge (ALJ) issued findings of fact, conclusions, and a recommendation that Anderson's petition be dismissed. The Commissioner adopted the findings of fact, conclusions, and recommendation, and dismissed the petition. This court granted Anderson a writ of certiorari to review the dismissal.

The rationale for dismissal of the petition was that when Anderson went on disability he was no longer an employee of the city and consequently when it was determined he was no longer disabled, he held no status as an employee of the city. Thus, the city was free to rehire him at a lower level in accordance with the Disability Act. The Commissioner concluded that the demotion was only a means of allowing Anderson to regain his seniority, not a "removal" within the meaning of the VPA which would have entitled Anderson to notice and a hearing.

## ISSUES

1. Does a veteran who is deemed fit to return to work after receiving a disability allowance have status as an employee for VPA purposes?

2. Did the demotion form used by the city to reemploy Anderson constitute a removal under the VPA?

## ANALYSIS

■ Agency decisions carry a "presumption of correctness." *Henry v. Metropolitan Waste Control Comm'n*, 401 N.W.2d 401, 404 (Minn.App.1987). However, "[w]hen statutory interpretation is at issue, ... a reviewing court is not bound by the agency's determination." *Id.* Since we undertake interpretation of the VPA, the Disability Act, and the apparent conflict between them here, our standard of review is de novo.

■ 1. Regarding Anderson's employment status, the ALJ determined that Anderson "ceased to be an employee of the city in April 1980 retroactive to September 17, 1979." Thus, the Commissioner adopted the ALJ's conclusion that "[upon Anderson's] certification of eligibility for work, [he] held no employment status with the city."

There is nothing in existing statutory law or the civil service rules to support this conclusion. It is supported only by the testimony of a city administrator regarding city policy.

Anderson's return to city service was in accordance with the Disability Act, Minn. Stat. § 422A.18 (1982). The Disability Act provides in relevant part:

> Should the medical board report and certify to the retirement board that [the] disability beneficiary is no longer physically or mentally incapacitated for the performance of duty, his allowance shall be discontinued and the head of the department in which the beneficiary was employed at the time of his retirement *shall reemploy the beneficiary* at a rate of salary not less than the amount of his disability allowance, but after the expiration of five years subsequent to the retirement of such beneficiary his restoration to duty, notwithstanding the recommendation of the medical board, shall be optional with the head of the department.

*Id.*, subd. 4 (emphasis added).

The Disability Act gives Anderson the right to return to work, if able, within five years. The city has no choice in the matter; it is required to re-employ Anderson. Anderson's 3½ years of disability allowance was more similar to a leave of absence than to retirement. Anderson retained status relating to employment with the city.

In reaching this conclusion, we are mindful of the pervasiveness of the VPA. Under the VPA, veterans holding public sector jobs by appointment or employment can be removed only for incompetency or misconduct, determined at a hearing after due notice to the veteran. Minn.Stat. § 197.46 (1982).

The VPA provides:

> All officers, boards, commissions and employees shall conform to, comply with, and aid in all proper ways in carrying into effect the provisions of section 197.455 and this section [197.46] *notwithstanding any laws*, charter provisions, ordinances or rules to the contrary.

*Id.* (emphasis added). It goes on to provide:

> No provision of any subsequent act relating to any * * * appointment, employment, promotion or removal shall be construed as inconsistent herewith or with any provision of sections 197.455 and 197.46 *unless and except only so far as expressly provided in such subsequent act that the provisions of these sections shall not be applicable or shall be superseded, modified, amended, or repealed.*

Minn.Stat. § 197.48 (1982) (emphasis added).

The Disability Act was enacted subsequent to the VPA. *See* 1973 Minn.Laws ch. 133, § 18; 1907 Minn.Laws ch. 263, § 2. Moreover, the Disability Act expressly excludes the VPA's application only in particular sections; section 422A.18 is not one of those sections.[1] The legislature chose not to exclude the VPA in section 422A.18. A veteran who begins receiving a disability allowance under section 422A.18 retains VPA rights.

---

1. Minn.Stat. § 422A.11, subd. 1 (1982) and Minn.Stat. § 422A.13, subd. 2 (1982) expressly exclude the VPA from their application.

Also significant in determining Anderson's status is the form he was asked to sign. It is entitled "demotion." The term demotion presumes some employment status. One cannot be demoted from a position that one does not have. In order to have been demoted, Anderson must have held some position with the city.

We conclude that Anderson was an employee of the city for purposes of the VPA when he returned from his disability leave.

■ 2. It is undisputed that the city did not advise Anderson of his rights under the VPA. A demotion has been deemed a removal entitling the employee to a hearing under the VPA. *Myers v. City of Oakdale,* 409 N.W.2d 848, 850 (Minn.1987) (citing *Leininger v. City of Bloomington,* 299 N.W.2d 723, 726 (Minn.1980)). Therefore, if Anderson was demoted, it was in violation of his rights under the VPA. After signing the demotion form, Anderson was placed in a position well below his position when he went on leave. This fits within any definition of demotion.

The city contends that the demotion was voluntary. The terms of the form state that Anderson is requesting the demotion. Anderson, however, did not voluntarily request a demotion. He testified at the hearing, and the city agreed, that he was told he had to sign the form in order to preserve his seniority rights. He was told that he could lose his pension and would have to start again as a new employee if he did not sign the form. The city identifies no rule or law supporting this demotion procedure. Anderson was given no real choice.

Before signing the form and being demoted, Anderson should have been informed of his right to a hearing pursuant to the VPA. As we have noted, the VPA is a far-reaching statute that supersedes all subsequent acts unless expressly excepted. It has not been expressly excepted from Minn.Stat. § 422A.18.

## DECISION

When Anderson was deemed fit to return to work with the city after receiving his disability allowance, he still retained some employee status. His status as a disability beneficiary under the Disability Act did not terminate his status as an employee for VPA purposes. As an employee and a veteran, Anderson could not be demoted except for incompetence or misconduct determined at a hearing upon due notice. No such notice or hearing occurred.

For these reasons, the Commissioner erred in dismissing Anderson's petition. The dismissal order of the Commissioner is reversed; the matter remanded to the Department of Veterans Affairs for further proceedings in accordance with law not inconsistent with this opinion.

Reversed and remanded.

KALITOWSKI, Judge, dissenting.

I respectfully dissent. The placement of an employee on an indefinite medical leave has been deemed a removal from employment under the Veterans Preference Act. *See Myers v. City of Oakdale,* 409 N.W.2d 848, 851 (Minn.1987) (Oakdale, by placing Myers on an indefinite medical leave, effectively removed him from his job). Here, unlike *Myers,* Anderson placed himself on an indefinite disability leave rather than being placed on it by his employer. Because Anderson voluntarily removed himself from employment when he requested and began receiving disability benefits, his rights under the Veterans Preference Act terminated at that time. Therefore, the city was under no obligation to provide Anderson with notice and a hearing in 1979 or when it reemployed him in 1983. I would affirm the Commissioner.