**Richard D. ANDERSON, Respondent,**

v.

**CITY OF MINNEAPOLIS,
Petitioner, Appellant.**

No. C2–92–1317.

Supreme Court of Minnesota.

Aug. 13, 1993.

C. Lynne Fundingsland, Asst. City Atty., Robert J. Alfton, Minneapolis City Atty., Minneapolis, for appellant.

Gayle Gaumer, Thomas Bennett Wilson III, Wilson Law Firm, Edina, for respondent.

KEITH, Chief Justice.

This case presents the issue of whether a city employee who is a veteran on voluntary disability leave for over three years is entitled to be reemployed at his former position upon return to work. The court of appeals held that when the employee was deemed fit to return to work, he still retained some "employee" status for Veterans Preference Act (VPA) purposes and, as an employee and a veteran, "could not be demoted except for incompetence or misconduct determined at a hearing upon due notice." *Anderson v. City of Minneapolis*, 493 N.W.2d 156, 159 (Minn.App. 1992). We reverse.

In 1957, respondent, Richard D. Anderson, was honorably discharged from the U.S. Army, and on October 8, 1962, he began employment with the City of Minneapolis. He began his employment as a junior account clerk (a position which was later renamed to "Accounting Clerk I") and, over the next six years, was promoted to Accounting Clerk II, Accounting Clerk Supervisor, and, finally, to Accountant II.

Anderson remained as an Accountant II until he left his position on September 17, 1979, and took a voluntary leave of absence

without pay pending a non-duty disability pension determination. In April of 1980, Anderson qualified for the non-duty disability pension, and from September 17, 1979, until March 27, 1983, he received a disability pension from the Minneapolis Employees Retirement Fund (MERF).

In November and December of 1982, Anderson was examined by physicians who recommended that he be reemployed by the city. The city offered him a position as an Accounting Clerk I, and although that position represented a substantial reduction in wages from his prior position as an Accountant II, it still met the statutory requirement that Anderson be reemployed "at a rate of salary not less than the amount of [his] disability allowance." Minn.Stat. § 422A.18, subd. 4 (1992). Anderson executed a voluntary demotion form on March 3, 1983, and on March 28, 1983, he returned to work with the city as an Accounting Clerk I. The voluntary demotion form allowed Anderson to retain his initial seniority date of October 8, 1962, rather than starting over as a new employee with no seniority.[1]

In evaluating this evidence, the administrative law judge (A.L.J.) found that employees who receive disability benefits from the city are considered retired employees. The A.L.J. also found that a leave of absence granted for disability application terminates when the payment for disability benefits is approved. Therefore, upon returning to work in March 1983, Anderson held no employment status with the city, and the city was not obligated to return him to his former position of employment, especially where there was no evidence that there was an Accountant II position available when he was able to return to work. Furthermore, because Anderson was not the holder of the position of Accountant II when the "voluntary demotion" form was executed, he was not "removed" from his position within the

meaning of the Veterans Preference Act. See Minn.Stat. § 197.46 (1992). The A.L.J. concluded that Anderson "was not entitled to a hearing over why he voluntarily executed a document surrendering a position he did not, at that time, hold." The judge therefore dismissed Anderson's petition, and the Commissioner of Veterans Affairs adopted the A.L.J.'s findings and conclusions in their entirety.

The court of appeals reversed the A.L.J.'s and Commissioner's conclusions, however, finding that when Anderson was fit to return to work, he still retained some "employee" status for Veterans Preference Act purposes. As an employee and a veteran, "Anderson could not be demoted except for incompetence or misconduct determined at a hearing upon due notice." Anderson, 493 N.W.2d at 159. Since no notice or hearing was provided, the court of appeals held that the Commissioner of Veterans Affairs erred in dismissing Anderson's petition. This appeal followed.

In this case, the evidence clearly indicates that the city met all of its obligations under MERF, which provides that the disability allowance payments "shall commence three months after date of application" and "shall be retroactive to date of application and shall continue throughout the full period of the disability." Minn. Stat. § 422A.18, subd. 3 (1992). Here, Anderson was placed on a leave of absence in September 1979, and in April 1980, his petition was approved, with payments retroactive to September 1979.

Anderson was certified as able to return to work in December 1982, and the city reemployed him as an Accounting Clerk I shortly thereafter. MERF requires that the city "reemploy the beneficiary at a rate of a salary not less than the amount of the disability allowance," Minn.Stat. § 422A.18, subd. 4 (1992), a requirement which the city met by reemploying Anderson at a salary

1. The administrative law judge noted that the city was not obligated to maintain respondent's seniority through the "voluntary demotion" device because it could have merely re-employed respondent at the Accounting Clerk I position *without* reinstating his original seniority date of

October 8, 1962. However, the city allowed respondent to retain his original seniority date, which provided some layoff protection and maintained his seniority for retirement pension purposes.

of $560 every two weeks, which was greater than his disability pension of $994.43 per month. Thus, the city clearly satisfied all of its obligations under MERF.

Anderson claims, however, that the city violated the requirements of the Veterans Preference Act by demoting him to the Accounting Clerk I level upon his reemployment. Anderson cites to section 197.46 of the VPA, which provides, in pertinent part:

No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.

Minn.Stat. § 197.46 (1992). Anderson contends that he was still an employee upon his return to employment and that the city's actions constituted a "removal" without a hearing in violation of the VPA. The court of appeals agreed with Anderson and indicated that his disability leave was more akin to a leave of absence than a retirement. *Anderson*, 493 N.W.2d at 158. Because Anderson retained some employee status and the city did not provide him with a hearing prior to his demotion, the court of appeals held that his demotion violated his rights under the VPA. *Anderson*, 493 N.W.2d at 159.

Anderson contends that he remained an "employee" while on disability leave, but we believe that this assertion is not supported by the record or by applicable law. In this case, Anderson was placed on a five-month leave of absence while applying for the disability allowance, and this protected his status as a city employee for the duration of the waiting period. However, once his application was approved, a leave of absence was no longer needed because there was no employment status left to protect at that point. *See* Minn.Stat. § 422A.01, subd. 3 (1992); Minn.Stat. § 422A.18, subd. 3 (1992). As the testimo-

ny before the A.L.J. revealed, a person who is on disability leave does not receive any benefits from the city during the period of the disability and is considered to be retired from city employment.

This conclusion is also supported by the provisions of MERF. Specifically, the definition of "retirement allowance" in chapter 422A includes a "disability allowance" such as the one Anderson received:

"Retirement allowance" means *either* a service allowance to which an employee may be entitled who retires from the city service after having attained the minimum established age for retirement *or* a *"disability allowance"* to which an employee may be entitled who retires from the city service as a result of disability before having attained the minimum age for retirement.

Minn.Stat. § 422A.01, subd. 3 (1992) (emphasis added). This statute, in conjunction with section 422A.18, indicates that a disability allowance should be construed as a retirement allowance rather than as a payment to a current employee on a temporary leave of absence.

Anderson contends, nevertheless, that this court's decision in *Myers v. City of Oakdale*, 409 N.W.2d 848 (Minn.1987), entitles him to a hearing under the Veterans Preference Act regarding his reemployment at the Accounting Clerk I level. The result in *Myers*, however, is readily distinguishable from the present case.

In *Myers*, the employee suffered a lower back injury while on the job as a city police officer. In evaluating his condition, Myers' treating physician diagnosed Myers as having a 7.5% permanent partial disability that would not prevent him from returning to his regular job. *Id.* at 849. However, the city's doctor concluded that Myers could not return to work and should be placed on medical retirement. *Id.* Despite these conflicting reports, the city placed Myers on indefinite medical leave of absence. *Id.*

When Myers requested a hearing under the VPA, the city refused the request, contending that because Myers still had an opportunity to return to work with the city

at some point in the future, he had not been "removed" within the meaning of the VPA. *Id.* at 850. This court rejected the city's restrictive definition of the word "removed" and held that "under the Veterans Preference Act, a veteran is removed from his or her position or employment *when the effect of the employer's action* is to make it unlikely or improbable that the veteran will be able to return to the job." *Id.* at 850–51 (emphasis added).

Unlike *Myers*, in which the city unilaterally placed Myers on medical retirement without a hearing despite conflicting medical reports, Anderson *voluntarily* placed himself on an indefinite disability leave and thus was not forcibly "removed" from his position by the city as in *Myers*. Upon his return to work, the city was required to reemploy Anderson "at a rate of salary not less than the amount of [his] disability allowance," Minn.Stat. § 422A.18, subd. 4 (1992), but the city clearly satisfied this obligation by reemploying Anderson at the Accounting Clerk I level at a salary which was greater than the amount of his disability pension. Anderson's reemployment at this lower level did not constitute a "removal" within the meaning of the VPA because he had ceased to be an employee of the city once his voluntary disability leave was approved. *See* Minn.Stat. § 422A.01, subd. 3 (1992). Because he was no longer a city employee at the time of his reemployment, Anderson was not "removed" from his job within the meaning of the Veterans Preference Act and therefore was not entitled to a hearing.

Reversed.