Robert LESSARD, Petitioner, Appellant,

v.

MILWAUKEE INSURANCE COMPANY, Respondent.

No. C0–92–1526.

Supreme Court of Minnesota.

March 25, 1994.

Mullen J. Dowdal and Emmett D. Dowdal, White Bear Lake, for appellant.

Michael W. McNee and Robert C. Sipkins, Cousineau, McGuire & Anderson, Minneapolis, for respondent.

## OPINION

TOMLJANOVICH, Justice.

Petitioner Robert Lessard seeks review of a decision of the court of appeals holding that an insurer providing underinsured motorist coverage is not liable for preaward interest under Minn.Stat. § 549.09, subd. 1(b) (Supp. 1991) where the amount, when added to the total damage award, would exceed policy limits.[1] We affirm.

In July of 1987, a car driven by Jerome Michael Roiger crossed the median and struck the Lessard automobile. Lessard and his wife were seriously injured.

In September 1988, Lessard negotiated a settlement with Roiger's insurer for $30,000, the limit of Roiger's insurance policy, and on September 6, 1988, Lessard provided his own insurer, Milwaukee Insurance, with proper notice of the proposed settlement. Because of the severity of his injuries and because of Roiger's limited liability coverage, Lessard expressly informed Milwaukee Insurance that he would seek underinsured motorist (UIM) coverage benefits. Lessard's amended policy with Milwaukee provides, in relevant part:

> The company will pay all sums which the insured or his/her legal representative shall be legally entitled to recover as damages from the owner or operator of an underinsured automobile because of bodily injury, sickness, or disease * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such underinsured automobile * * *

The UIM coverage limit is $250,000.

After Lessard and Milwaukee failed to reach a settlement on Lessard's UIM claim, Lessard formally requested arbitration on March 26, 1990. On October 18, 1991, a panel of arbitrators awarded Lessard a net award of $221,000. The arbitrators also concluded that Lessard was entitled to preaward interest under section 549.09, subdivision 1(b), but requested that the district court determine the date from which interest would accrue.

Lessard's insurance policy with Milwaukee is silent with respect to prejudgment interest. The policy does provide that the insurer will pay postjudgment interest—"interest accruing after entry of judgment until the company has paid or tendered or deposited" the judgment in court. The policy also provides that any amount payable by Milwaukee is to be reduced by sums paid by the underinsured motorist. The parties agree that the maximum liability under Milwaukee's policy is $220,000 ($250,000 policy limit less $30,000

---

1. The applicable version of section 549.09, subd. 1(b) (Supp.1991) provides in relevant part:

    Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided herein.

payment from Roiger's insurer). Because the arbitrators awarded $221,000,[2] any interest awarded would exceed the liability limit.

Lessard moved the district court for a confirmation of the arbitrators' award and for a determination that preaward interest should accrue from October 5, 1988, the date Milwaukee Insurance acknowledged receipt of Lessard's letter indicating his intent to settle. Challenging the award of interest, Milwaukee argued that once having paid its liability limit of $220,000, it was not required to pay any preaward interest. The insurer argued that Minn.Stat. § 65.49, subd. 4a (1986), which defines the maximum liability of an insurer under a UIM policy, did not permit preaward interest exceeding liability limits.[3] The insurer further argued that the 1991 amendments to section 549.09, subdivision 1(b), 1991 Minn. Laws, ch. 321, § 7, which permit grants of interest on arbitration awards, did not apply retroactively to this matter.

The district court confirmed the arbitrators' award but denied Lessard's motion for preaward interest. The court held that the 1991 amendments to section 549.09 did not apply retroactively, and held additionally that an award of interest beyond the insurer's liability limit would violate Minn.Stat. § 65B.49, subd. 4a (1986). The court of appeals affirmed on different grounds. 496 N.W.2d 852 (Minn.App.1993). The court of appeals concluded that the 1991 amendments to section 549.09 did apply retroactively, but held that, irrespective of Minn.Stat. § 65B.49, subd. 4a, an insurer is not liable for preaward interest which would, when added to total damages, exceed the insurer's liability limit.

Unlike conventional interest on a sum of money, prejudgment interest cannot be calculated until the amount on which interest is allowed has been fixed by verdict. Accordingly, we have found prejudgment interest to be an element of compensatory damages "awarded to provide full compensation by converting time-of-demand * * * damages into time-of-verdict damages," *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn.1988).

■ As an element of compensatory damages, prejudgment interest awarded under Minn.Stat. § 549.09, subd. 1(b), is plainly subject to any applicable limitation on liability for such damages. Thus, in *Lienhard* we concluded that preverdict interest is subject to the monetary limitation on the State's liability on any tort claim under Minn.Stat. § 3.736, subd. 4 (1978). Similarly, we conclude that an insured, in the absence of any statutory command to the contrary, may not recover preaward interest which, when added to total damages, would exceed the monetary limitation on liability contained in insured's policy.[4] Milwaukee's maximum liability to Lessard is limited to $220,000 ($250,000 policy limit less $30,000 recovered from tortfeasor). Lessard has already received an award of $220,000, and therefore, any award of additional damages would cause total damages to exceed Milwaukee's maximum liability. We agree with Lessard that allowing him to recover preaward interest would fully compensate him for his lost use of money from the time the claim was made until the time the award was entered, but we are unwilling to rewrite the unambiguous terms of his insurance policy by requiring Milwaukee to pay damages in excess of the liability limit.[5]

---

2. Milwaukee has paid Lessard $220,000, the limit of liability. The remaining $1,000 from the arbitrator's award of $221,000 is not at issue on appeal.

3. Section 65B.49, subd. 4a (1986) provides:

   With respect to underinsured motor vehicles, the maximum liability of an insurer is the lesser of the difference between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization that may be held legally liable for the bodily injury; or the amount of damages sustained but not recovered.

4. We note that the legislature in 1989 passed legislation requiring insurers to pay prejudgment interest, even where that interest exceeds applicable policy limits, where judgment is entered against the *insured*. Minn.Stat. § 72A.201, subd. 12. This statute does not apply to underinsured motorist coverage, where no judgment is entered against the insured.

5. Lessard's policy provides that Milwaukee will pay all sums which the insured shall be legally entitled to recover as damages because of "bodily injury" sustained by the insured in an automobile accident with an underinsured vehicle. Lessard, relying on an Iowa case, *Vasquez v. Lemars*

Lessard argues that the parties' insurance contract need not be rewritten here because section 549.09, subd. 1(b) mandates payment of preaward interest, and the contract's conformity clause amends the contract to conform with section 549.09.[6] A conformity clause in an insurance policy operates to substitute a statutory provision for a policy provision only where the two provisions are in direct conflict. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 275 (Minn.1985). In this case there is no direct conflict between the contract and section 549.09. Section 549.09 provides in relevant part:

> *Except as otherwise provided by contract* or allowed by law, preverdict, preaward or pre-report interest on pecuniary damages shall be computed (emphasis added).

By agreeing to a liability limit for underinsured motorist damages, Lessard and Milwaukee have provided by contract that preaward interest will not be computed in excess of the liability limit.

The large majority of jurisdictions which have considered the issue have similarly held insurers are not liable for prejudgment interest beyond a policy's liability limit. *See, e.g., Allstate Ins. Co. v. Allen*, 797 P.2d 46 (Colo. 1990); *Nunez v. Nationwide Mut. Ins. Co.*, 472 A.2d 1383 (Me.1984); *Guin v. Ha*, 591 P.2d 1281 (Alaska 1979); *Bossert v. Douglas*, 557 P.2d 1164 (Okla.1976); *Factory Mutual Liability Ins. Co. v. Cooper*, 106 R.I. 632, 262 A.2d 370 (1970). Moreover, the leading minority case, *Denham v. Bedford*, 407 Mich. 517, 287 N.W.2d 168 (1980), is distinguishable. In *Denham*, the Michigan Supreme Court reasoned that if the legislative purpose of Michigan's prejudgment statute was to compensate the prevailing party for the delay in payment of money damages, this purpose could only be effectuated by the allowance of prejudgment interest, even if this interest exceeded the policy limits of an insurance contract. *Id.* 287 N.W.2d at 174.

The language in Michigan's prejudgment statute, however, differs significantly from that of Minnesota's. The Michigan statute states simply that "interest shall be allowed on a money judgment recovered in a civil action, * * *" Mich.Comp.Laws Ann. § 600.-6013(1) (1987), and does not contain the qualifying language—"except as otherwise provided by contract,"—present in Minn.Stat. § 549.09, subd. 1(b).

In conclusion, because prejudgment interest is an element of compensatory damages, we hold that an insurer providing underinsured motorist coverage is not liable for that portion of preaward interest under Minn. Stat. § 549.09, subd. 1(b) (Supp.1991) which, when added to total damages, would exceed policy liability limits. We need not reach the question of whether Minn.Stat. § 65B.49 imposes a statutory cap on liability equal to the policy limits.

Affirmed.

*Mut. Ins. Co.*, 477 N.W.2d 404 (Iowa 1991), argues that prejudgment interest here does not constitute damages because of bodily injury, but rather constitutes damages resulting from a breach of contract between Lessard and Milwaukee. We believe prejudgment interest is part of the underlying tort claim giving rise to liability.

**6.** The conformity clause states: "The terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."