ARCADIA DEVELOPMENT
CORPORATION, et al.,
Relators,

v.

COUNTY OF HENNEPIN, Respondent.

No. C0–94–574.

Supreme Court of Minnesota.

March 3, 1995.

Rehearing Denied April 12, 1995.

**858**

Gary A. Van Cleve, Larry D. Martin, Larkin, Hoffman, Daly & Lindgren, Bloomington, for relators.

Michael Freeman, Hennepin County Atty., Robert T. Rudy, Sr. Asst. Hennepin County Atty., Minneapolis, for respondent.

## OPINION

STRINGER, Justice.

This case concerns the appropriate interest rate applicable to property tax refunds made pursuant to Minn.Stat. § 278.08, subd. 2 (1992). The issue presented on appeal is whether the Minnesota Tax Court correctly granted summary judgment in favor of the County of Hennepin (County) on the question whether the County properly applied Minn.Stat. § 549.09 (1994) to calculate the interest due on property tax refunds. We affirm the decision of the tax court.

Arcadia Development Corporation (Arcadia), Computer Parts and Services, Inc. (CPSI), and Jerry's Enterprises (Jerry's) (collectively referred to as "relators") each own real estate in Hennepin County. Relators separately petitioned for review of one or both of their annual real estate tax assessments for levy years 1990 and 1991 pursuant to Minnesota Statutes, chapter 278. After hearing Arcadia's tax petition, the tax court entered an amended judgment reducing the estimated fair market value (EMV) of Arcadia's real property. The amended judgment directed the County to recompute Arcadia's real estate taxes due and payable in 1991 and 1992, and to pay Arcadia any refunds due, with interest. The tax petitions of CPSI and Jerry's were settled with the County agreeing to reduce the EMV of their real property. The stipulations provided the County compute the refunds with interest, as provided by law. Each relator received a refund,

with interest calculated at a rate of seven percent for 1991, five percent for 1992, and four percent for 1993, the rates applicable pursuant to the judgment interest rate statute, Minn.Stat. § 549.09.

Relators filed a class action against the County on December 9, 1993, asserting the County underpaid interest on real estate tax refunds. Specifically, relators contest the County's use of Minn.Stat. § 549.09, the judgment interest rate statute, to determine the interest rate applicable to real property tax overpayment refunds issued pursuant to Minn.Stat. § 278.08, subd. 2 (1992). Relators contend they are entitled to interest on the tax overpayments at a rate of ten percent for 1991, 1992, and 1993 pursuant to Minn.Stat. § 279.03, subd. 1a (1990), which relators assert governs the interest rate for property tax refunds for the years in question.

The parties filed cross-motions for summary judgment and relators moved for class certification. By Order dated February 18, 1994, the tax court granted summary judgment in favor of the County, denying relators' motions for summary judgment and class certification. This appeal followed.

Three statutes are involved in this matter: (1) Minn.Stat. § 278.08, subd. 2, which deals with interest paid to the taxpayer by the County on refunds in tax petition cases; (2) Minn.Stat. § 279.03, which deals with interest charged to taxpayers if their taxes are delinquent; and (3) Minn.Stat. § 549.09, which relates to interest on verdicts, awards, and judgments.

Both parties agree that Minn.Stat. § 278.08, subd. 2 is the starting point for determining the correct interest rate applicable to refunds for property tax overpayments. For the years in question, Minn.Stat. § 278.08, subd. 2 provided as follows:

Refund. If the petitioner has overpaid the tax determined or stipulated to be due, the county auditor shall compute interest on the overpayment from the date of the filing of the petition for review or from the date of payment of the tax, whichever is later, until the date of issuance of the refund warrant. Interest shall be calculated on the overpayment at the rate provid-

ed in section 279.03 for delinquent property taxes for the levy year involved. Minn.Stat. § 278.08, subd. 2 (1992).[1]

■ The question is which provision of Minn.Stat. § 279.03 controls the applicable interest rate. Questions of statutory construction, including construction of tax statutes, are subject to *de novo* review. *United Power Ass'n v. Commissioner of Revenue*, 483 N.W.2d 74, 77 (Minn.1992); *see also Nagaraja v. Commissioner of Revenue*, 352 N.W.2d 373, 376 (Minn.1984).

Minnesota Statute § 279.03, entitled "Interest on Delinquent Property Taxes," provides in pertinent part as follows:

Subdivision 1. Rate. The rate of interest on delinquent property taxes levied in 1979 and prior years is fixed at six percent per year until January 1, 1983. Thereafter interest is payable at the rate determined pursuant to section 549.09. The rate of interest on delinquent property taxes levied in 1980 and subsequent years is the rate determined pursuant to section 549.09. All provisions of law except section 549.09 providing for the calculation of interest at any different rate on delinquent taxes in any notice or proceeding in connection with the payment, collection, sale, or assignment of delinquent taxes, or redemption from such sale or assignment are hereby amended to correspond herewith. Section 549.09 shall continue in force with respect to judgments arising out of petitions for review filed pursuant to chapter 278 irrespective of the levy year.

Minn.Stat. § 279.03 (1990). The legislature amended Minn.Stat. § 279.03 in 1990, adopting the following subdivision:

Subd. 1a. Rate after December 31, 1990. Interest on delinquent property taxes, penalties, and costs unpaid on or after January 1, 1991, shall be payable at the per annum rate determined in section 270.75, subdivision 5. If the rate so determined is less than ten percent, the rate of interest shall be ten percent. The maximum per annum rate shall be 14 percent if the rate specified under section 270.75, subdivision 5, exceeds 14 percent. The rate shall be subject to change on January 1 of each year.

Minn.Stat. § 279.03 (1990).[2] Upon adopting subdivision 1a, the legislature neither amended nor repealed subdivision 1 of Minn.Stat. § 279.03.

1. The legislature amended Minn.Stat. § 278.08, subd. 2 in 1993, and again in 1994. *See* Act of May 24, 1993, ch. 375, art. 3, § 36, 1993 Minn. Laws 2728, 2791; Act of Apr. 13, 1994, ch. 416, art. 1, § 34, 1994 Minn.Laws 111, 151. Currently, it provides as follows:

Refund. In the case of real or personal property, if the petitioner has overpaid the tax determined or stipulated to be due, the county auditor shall compute interest on the overpayment from the date of the filing of the petition for review or from the date of payment of the tax, whichever is later, until the date of issuance of the refund warrant. Interest shall be calculated on the overpayment at the rate provided in section 279.03 for delinquent property taxes originally due and payable in the same year as the tax which was overpaid. For the purposes of computing interest due under this subdivision, an overpayment occurs on the date when the cumulative total of the payments made by the taxpayer for the payable year exceed the final total tax amount determined for that payable year. In determining whether an overpayment has occurred, taxpayer payments are allocated first to any penalty imposed due to late payment of installments, then to the tax due. Act of Apr. 13, 1994, ch. 416, art. 1, § 34, 1994 Minn.Laws 111, 15, *codified at* Minn.Stat. § 278.08, subd. 2 (1994).

2. This provision was amended again, and currently reads as follows:

Subd. 1a. Rate after December 31, 1990. (a) Except as provided in paragraph (b), interest on delinquent property taxes, penalties, and costs unpaid on or after January 1, 1991, shall be payable at the per annum rate determined in section 270.75, subdivision 5. If the rate so determined is less than ten percent, the rate of interest shall be ten percent. The maximum per annum rate shall be 14 percent if the rate specified under section 270.75, subdivision 5 exceed 14 percent, The rate shall be subject to change on January 1 of each year.

(b) If a person is the owner of one or more parcels of property on which taxes are delinquent, and the delinquent taxes are more than 25 percent of the prior year's school district levy, interest on the delinquent property taxes, penalties, and costs unpaid after January 1, 1992, shall be payable at twice the rate determined under paragraph (a) for the year.

Act of Apr. 24, 1992, ch. 511, art. 4, § 16, 1992 Minn.Laws 650, 739, *codified at* Minn.Stat. § 279.03, subd. 1a (1994).

Relators argue that since its adoption in 1990, Minn.Stat. § 279.03, subdivision 1a controls the applicable interest rate for property tax overpayments. According to relators, the plain language of Minn.Stat. § 278.08 (1992) directs the County to compute interest due on property tax refunds in exactly the same manner as interest incurred on delinquent property taxes.

The County contends that Minn.Stat. § 279.03, subd. 1 remains the operative provision. Specifically, the County cites the following sentence: "[s]ection 549.09 shall continue in force with respect to judgments arising out of petitions for review filed pursuant to chapter 278 irrespective of the levy year." Minn.Stat. § 279.03, subd. 1 (1990).[3]

Relators' argument as to the "plain meaning" of the relevant statutory provisions must fail because the statute does not speak plainly. The legislature's enactment of Minn.Stat. § 279.03, subd. 1a generated confusion among the Counties as to the proper interest rate applicable to property tax refunds issued pursuant to chapter 278. To resolve this conflict, we apply principles of statutory construction to discern the legislature's intent.

 Where, as here, two interpretations of a statute are possible, the court's role is to ascertain probable legislative intent to give the statute a construction consistent with that intent. *Beck v. City of St. Paul*, 304 Minn. 438, 445, 231 N.W.2d 919, 923 (1975); *see also* Minn.Stat. § 645.16 (1994). To ascertain legislative intent, the court should consider the purpose of the legislation. *State v. Ritschel*, 220 Minn. 578, 583, 20 N.W.2d 673, 676 (1945).

The tax court reviewed the statutory scheme encompassing Minn.Stat. § 279.03, subd. 1a and concluded the legislature did not intend to alter the method for calculating interest on refunds in chapter 278 proceed-

ings. Rather, the legislature intended only to change the interest rate delinquent property owners must pay. Thus, the tax court held that the 1990 amendment to Minn.Stat. § 279.03, adding subd. 1a, applies only to real estate tax delinquency proceedings and not to chapter 278 tax petition proceedings. While the statute as amended may appear to support either construction, we agree with the tax court's interpretation and affirm its decision.

Minnesota Statute § 279.03, subd. 1 refers specifically to chapter 278 proceedings. ("Section 549.09 shall continue in force with respect to judgments arising out of petitions for review filed pursuant to chapter 278 irrespective of the levy year.") This is compelling evidence that the legislature intended subdivision 1 to control the interest rate applied in chapter 278 proceedings. By contrast, Minn.Stat. § 279.03, subd. 1a refers only to "interest on delinquent property taxes," and upon enacting subdivision 1a, the legislature neither amended nor repealed subdivision 1 of Minn.Stat. § 279.03. Consequently, it appears Minn.Stat. § 279.03, subd. 1 remains the operative provision.

The legislature, by enacting the 1990 amendment to § 279.03, apparently sought to encourage the timely payment of real property taxes. By raising the interest rate applicable to delinquent property taxes to the same rate taxpayers pay to the Commissioner of Revenue for other delinquent taxes such as income and sales taxes, the legislature established a uniform rate on *all* delinquent taxes that clearly provides an incentive to pay the taxes on time. Thus, by enacting Minn.Stat. § 279.03, subd. 1a, the legislature distinguished interest due pursuant to chapter 278 petitions from interest due on delinquent property taxes.

The determination that the 1990 amendment applies only to delinquent property taxes, and not to chapter 278 petitions is bol-

---

**3.** Minnesota Statute § 549.09 (1994), the judgment interest rate statute, provides in pertinent part as follows:

Subdivision 1. When owed; rate. (a) When the judgment is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict or report until judgment is finally entered shall be computed by the court administrator as provided in clause (c) and added to the judgment.

\* \* \* \* \* \*

(c) The interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States treasury bills \* \* \*.

stered by the legislative policy in providing for prejudgment interest to compensate a prevailing party for the loss of use of the money, and to promote settlements. *Lessard v. Milwaukee Ins. Co.*, 514 N.W.2d 556 (Minn.1994) (affirming *Lessard v. Milwaukee Ins. Co.*, 496 N.W.2d 852 (Minn.App.1993)). In *Hedberg & Sons Co. v. County of Hennepin*, 305 Minn. 80, 232 N.W.2d 743 (1975), this court held that the County must pay interest on property tax overpayments; *see also General Mills, Inc. v. State*, 303 Minn. 66, 70, 226 N.W.2d 296, 299 (1975).

We have repeatedly recognized that interest is not a penalty, but rather is the payment of a reasonable sum for the loss of use of money. Since the legislature has provided a procedure to challenge the legality of taxes, that procedure should provide the taxpayer with an adequate remedy at law. In the absence of a contrary legislative determination, it can hardly be said that the denial of interest provides a taxpayer with an adequate remedy.

*Id.* (citation omitted).

To ensure that chapter 278 petitioners are compensated for the loss of the use of the money when they prevail, the legislature provides interest at a variable interest rate for judgments, including judgments for the recovery of taxes. *See* Act of May 21, 1979, ch. 105, § 1, 1979 Minn.Laws 147, 147–48. Interest awarded pursuant to Minn.Stat. § 549.09 is tied to the secondary market yield on one year United States treasury bills; it is adjusted annually. Minn.Stat. § 549.09, subd. 1(c) (1994). In the present economy, the varying rate, between 10 and 14 percent, provided in Minn.Stat. § 279.03, subd. 1a, in all probability exceeds the actual cost of the loss of use of money. Interest computed pursuant to Minn.Stat. § 549.09 clearly is more reflective of the cost of the use of money than a computation pursuant to Minn.Stat. § 279.03, subd. 1a. Consequently, the construction urged by relators hinders the attainment of the legislative policy recognized in *Lessard* and *Hedberg*.

The construction urged by realtors is problematic for other reasons. Under relators' interpretation, the language in Minn.Stat. § 279.03, subd. 1 referring specifically to chapter 278 becomes a nullity. Alternatively, relators' interpretation generates the anomalous result of requiring the County to pay prejudgment interest at a rate between 10 and 14 percent pursuant to Minn.Stat. § 279.03, subd. 1a, and post-judgment interest pursuant to the judgment interest rate statute, Minn.Stat. § 549.09.

The recent legislative history of Minn.Stat. § 279.03 highlights an additional inconsistency in relators' interpretation. The legislature amended Minn.Stat. § 279.03, subd. 1a in 1991, and again in 1992. *See* Act of May 31, 1991, ch. 291, art. 1, § 32, 1991 Minn. Laws 1396, 1397; Act of Apr. 24, 1992, ch. 511, art. 4, § 16, 1992 Minn.Laws 650, 739. Currently, it reads as follows:

Subd. 1a. Rate after December 31, 1990. (a) Except as provided in paragraph (b), interest on delinquent property taxes, penalties, and costs unpaid on or after January 1, 1991, shall be payable at the per annum rate determined in section 270.75, subdivision 5. If the rate so determined is less than ten percent, the rate of interest shall be ten percent. The maximum per annum rate shall be 14 percent if the rate specified under section 270.75, subdivision 5, exceeds 14 percent. The rate shall be subject to change on January 1 of each year.

(b) If a person is the owner of one or more parcels of property on which taxes are delinquent, and the delinquent taxes are more than 25 percent of the prior year's school district levy, interest on the delinquent property taxes, penalties, and costs unpaid after January 1, 1992, shall be payable at twice the rate determined under paragraph (a) for the year.

Minn.Stat. § 279.03, subd. 1a (1994). If, as relators claim, subdivision 1a controlled the interest rate applicable to refunds for overpayments of property taxes, property taxpayers qualifying under subpart b would presumably be entitled to twice the interest rate in the event of a property tax overpayment— a result clearly inconsistent with the legislative policy of compensating plaintiff for the actual cost of money damages incurred. *Lessard*, 514 N.W.2d at 558.

Accordingly, we find no express or implied intent to change the rate of interest chapter 278 petitioners receive on their property tax refunds. The rate continues to be controlled by Minn.Stat. § 549.09, and the decision of the tax court is affirmed.

Affirmed.