**OWATONNA CLINIC–MAYO HEALTH SYSTEM, Plaintiff,**

v.

**The MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA, Defendant.**

**Civil No. 08–417(DSD/JJK).**

United States District Court, D. Minnesota.

April 16, 2010.

---

William R. Stoeri, Esq., H. Alex Iliff, Esq., Katie C. Pfeifer, Esq. and Dorsey & Whitney, Minneapolis, MN, for plaintiff.

Richard P. Mahoney, Esq., Victor E. Lund, Esq. and Mahoney, Dougherty and Mahoney, Minneapolis, MN, James K. Horstman, Esq. and Cray, Huber, Horstman, Heil & VanAusdal, Chicago, IL, for defendant.

## ORDER

DAVID S. DOTY, District Judge.

This matter is before the court on plaintiff's motion for entry of judgment. Based upon a review of the file, record and proceedings herein,[1] and for the following reasons, the court grants plaintiff's motion.

## BACKGROUND

This prejudgment interest dispute arises out of defendant The Medical Protective Company of Fort Wayne, Indiana's ("Medical Protective") breach of an insurance

policy that it issued to plaintiff Owatonna Clinic–Mayo Health System ("Owatonna Clinic"). In the underlying action, Owatonna Clinic alleged that Medical Protective breached a 1999 claims-made commercial liability policy ("Policy") by refusing to defend and indemnify it in a 2005 medical-malpractice suit brought by C.H., a minor patient. The Policy has a $2 million per-claim liability limit (the "Policy limit"). (Pfeifer Decl. [Doc. No. 119] Ex. 1.) After settling with C.H. for $3.25 million, Owatonna Clinic requested indemnification from Medical Protective on August 7, 2007. (*See* Murphy Decl. Ex. A.) Medical Protective did not tender payment. Owatonna Clinic paid the settlement on October 1, 2007, and later filed the instant suit against Medical Protective.

On July 22, 2009, 2009 WL 2215002,[2] the court determined that Owatonna Clinic had complied with the Policy's written notice provision in 1999 and that Owatonna Clinic objectively believed that allegations of liability might result from a medical incident involving C.H. (Order [Doc. No. 55] 11–12.) The court denied the parties' cross-motions for summary judgment, however, because Owatonna Clinic's subjective belief remained in dispute. On November 3, 2009, following a trial, the jury determined this issue in favor of Owatonna Clinic. (*See* Special Verdict Form [Doc. No. 114] 1.) The parties agree that Owatonna Clinic properly calculated the amount of the judgment, as of December 16, 2009, as follows:

Policy limit $2,000,000.00

Post-verdict interest on Policy

---

1. Medical Protective objected to exhibit 2 to the declaration of Katie C. Pfeifer [Doc. No. 119–1] and exhibit 1 to the declaration of Bert J. McKasy [Doc. No. 121–1]. (Def.'s Mem. Resp. 1–2.) The court, however, does not

consider the challenged exhibits, and therefore overrules the objections as moot.

2. The court amended its order on August 10, 2009. (Doc. No. 59.)

| | |
|---|---|
| limit | $ 24,109.80 [3] |
| Attorneys' fees and costs for C.H. lawsuit | $ 355,195.43 |
| Pre– and post-judgment interest on attorneys' fees and costs for C.H. lawsuit | $ 62,378.08 [4] |
| Attorneys' fees and costs incurred in instant action | $ 282,510.65 |

(*See* Pl.'s Mem. Supp. 2–3; Def.'s Mem. Resp. 1; Letter to District Judge [Doc. No. 126].) The parties disagree, however, as to whether the judgment should include prejudgment interest on the Policy limit. The court now considers Owatonna Clinic's motion for entry of judgment, including prejudgment interest from October 1, 2007, until November 2, 2009, against Medical Protective.

## DISCUSSION

▓▓▓ Prejudgment interest is a matter of state substantive law. *Schwan's Sales Enters. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir.2007). Minnesota Statutes § 60A.0811 awards prejudgment interest in certain commercial insurance coverage disputes.[5] The statute states in relevant part:

> An insured who prevails in any claim against an insurer based on the insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments is entitled to recover ten percent per annum interest on monetary amounts due under the insurance policy, calculated from the date the request for payment of those benefits was made to the insurer.

3. Ten-percent per annum interest accrues at a rate of $547.95 per day.

4. Ten-percent per annum interest accrues at a rate of $97.31 per day.

5. The Policy falls within the scope of § 60A.0811. *See* Minn.Stat. § 60A.0811 sub-

Minn.Stat. § 60A.0811 subdiv. 2(a). The parties disagree over whether § 60A.0811 awards prejudgment interest when the indemnity due under the Policy equals the liability limit. Medical Protective offers four arguments in support of a finding that prejudgment interest under § 60A.0811 is inappropriate in this case: (1) that the terms of the Policy do not include an award of prejudgment interest; (2) that § 60A.0811 is inapplicable in a case where the liability limit has been reached; (3) that Minnesota common law requires a finding of bad faith before statutory interest can exceed the Policy limit; and (4) that interest is purely compensatory, and therefore cannot exceed the Policy limit. The court addresses each argument in turn.

### I. The Policy

Medical Protective first argues that the Policy neither requires nor permits prejudgment interest. Owatonna Clinic agrees that the Policy does not address payment of prejudgment interest when, as here, Owatonna Clinic has prevailed against Medical Protective in a breach of contract claim. The Policy states only that "subject to the limits of liability and the other terms of th[e] policy, [Medical Protective] hereby agrees to DEFEND and PAY DAMAGES in the name of and on behalf of [Owatonna Clinic]." (Pfeifer Decl. Ex. 1 (emphasis in original).) Further, if a judgment is entered against Owatonna Clinic, the policy provides that "[Medical Protective] shall be responsible for [Owatonna Clinic's] share of ... prejudgment interest even if the total amount

div. 1(1) (defining "insurance policy" as a "commercial or professional policy or contract" with exceptions not applicable here); *see also* Act of May 22, 2009, ch. 148, § 1, 2009 Minn. Laws 2020, 2021 (§ 60A.0811 applies to claims existing on August 1, 2009).

of such judgment is in excess of the applicable policy limits." (*See id.* Minnesota Partnership/Corporation Endorsement ¶ 1.) This language only addresses Medical Protective's responsibility for claims made against Owatonna Clinic by third parties. In contrast, the instant action was a claim by Owatonna Clinic against Medical Protective. The court finds that the Policy does not address the instant case: it neither requires nor prohibits prejudgment interest in excess of the Policy limit when Owatonna Clinic prevails against Medical Protective in a breach of contract action. Therefore, Medical Protective's argument fails.

## II. Minnesota Statutes § 60A.0811

Owatonna Clinic next argues that § 60A.0811 does not apply because (1) the statute does not address prejudgment interest in excess of a policy limit, and (2) language in another Minnesota statute— § 72A.201—indicates that the legislature did not intend § 60A.0811 to impose liability beyond the Policy limit. Neither the Minnesota Supreme Court nor the Minnesota Court of Appeals has interpreted § 60A.0811. Because the state law is uncertain, the court predicts how the Minnesota Supreme Court would resolve the issue of prejudgment interest in excess of a policy limit under § 60A.0811. *See Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 223 F.3d 873, 876 (8th Cir.2000).

When interpreting § 60A.0811, the court seeks to "ascertain and effectuate the intent of the legislature." Minn Stat. § 645.16; *Meyer v. Nwokedi,* 777

N.W.2d 218, 224 (Minn.2010). "When the language of a statute is plain and unambiguous, it is assumed to manifest legislative intent and must be given effect." *Valspar Refinish, Inc. v. Gaylord's, Inc.,* 764 N.W.2d 359, 370 (Minn.2009) (citation and quotation marks omitted). A statute is ambiguous when it can be given more than one reasonable interpretation. *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986).

The court determines that if the Minnesota Supreme Court were to interpret § 60A.0811, it would find that the statute is plain and unambiguous. Section 60A.0811 applies to "any claim," for breach of duty to make payments on which an insured prevails. Minn.Stat. § 60A.0811 subdiv. 2(a). The term "any claim" is clear and not susceptible of interpretation or limitation. The plain meaning of "any claim" is expansive and inclusive, and it encompasses a claim equaling a policy's liability limit.

Similarly, the phrase, "is entitled to ten percent interest per annum on monetary amounts due under the insurance policy" is also clear. An "amount[ ] due under the insurance policy" includes the liability limit. Furthermore, the word "on" indicates that the interest is in addition to the amount due under the policy. Therefore, the plain meaning of § 60A.0811 supports Owatonna Clinic's argument that it is entitled to ten-percent per annum interest on the $2 million indemnity due under the Policy from the date Owatonna Clinic requested payment.[6]

---

6. Because the court determines that § 60A.0811 is unambiguous, it does not consider Minnesota Statutes § 72A.201 as indicative of the legislature's intent. The court notes, however, that hearings in the Minnesota Senate and Minnesota House of Representatives support the plain language of the statute. *See, e.g.,* Audio recording: Hearing on

H.F. 417 Before the House Comm. on Civil Justice, 86th Leg. Sess., (February 23, 2009) (statement of bill sponsor Rep. Atkins) (*available at* http://www.house.leg.state.mn.us/ audio/ls86/ civil022309.asx) (explaining operation of § 60A.0811: "Let's assume that you have a half-million dollar policy, and your restaurant burns down, and you present the

## III. Bad–Faith Requirement

 Medical Protective next argues that § 60A.0811 does not apply because Minnesota common law requires a finding of bad faith before an insurer may be compelled to pay indemnity beyond a policy limit. Under Minnesota law, an insurer has a duty to exercise good faith when it assumes control of the right of settlement of claims against an insured. *See Boerger v. Am. Gen. Ins. Co. of Minn.*, 257 Minn. 72, 100 N.W.2d 133, 135 (1959)(citing *Larson v. Anchor Cas. Co.*, 249 Minn. 339, 82 N.W.2d 376, 378 (1957)). Good faith in this context means that insurers must give equal consideration to the financial exposure of the insured and the insurer when negotiating a settlement. *See Short v. Dairyland Ins. Co.*, 334 N.W.2d 384, 387–88 (Minn.1983). An insurer that breaches its duty to act in good faith when considering offers to settle may become liable in excess of the policy limit. *See id.*

The instant case arose, however, in an inapposite context: Medical Protective refused to accept control of the claim from Owatonna Clinic and never engaged in settlement. All of the cases cited by Medical Protective relate to settlement. Furthermore, these cases concern indemnity in excess of a policy limit rather than prejudgment interest. In contrast, courts addressing prejudgment interest in excess of policy limits do not apply a bad-faith requirement. *Compare, e.g., Lessard v. Milwaukee Ins. Co.*, 514 N.W.2d 556, 558 (Minn.1994) (prejudgment interest in excess of policy controlled by statute and contract) *with Short*, 334 N.W.2d at 387–88 (liability in excess of policy controlled by bad-faith requirement in settlement context). Application of the bad-faith requirement to this case would require expansion of the doctrine. Therefore, the court predicts that the Minnesota Supreme Court would not require a separate finding of bad faith to compel an insurer to pay prejudgment interest under § 60A.0811 in excess of policy limits.[7]

## IV. Public Policy

Lastly, Medical Protective argues that prejudgment interest is strictly compensatory and therefore payable only up to the indemnity limit of a policy. Indeed, Minnesota law characterizes prejudgment interest as "an element of damages" that will "provide full compensation by converting time-of-demand ... damages into time-of-verdict damages." *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn.1988) (citation omitted)(applying state's limit on tort liability to the general interest statute, Minnesota Statutes § 549.09 [8]); *see also Lessard*, 514 N.W.2d at 558 (applying mon-

---

claim for that, and you're denied ... you end up going through years of litigation ... you get the half-million bucks to rebuild your restaurant ... it [§ 60A.0811] also would provide for a twelve-percent interest rate.").

**7.** Medical Protective's argument also fails if the bad-faith requirement applied. Section 60A.0811 clearly states that it applies to "any claim" and awards prejudgment interest "on amounts due under the policy." Therefore, the "necessary implication" of § 60A.0811 is that it abrogates a bad-faith requirement when an insured prevails against a commercial insurer in a claim for breach of a duty to provide services or make payments. *See Ly v.*

*Nystrom*, 615 N.W.2d 302, 314 (Minn.2000) ("[S]tatutes are consistent with the common law, and if a statute abrogates the common law, the abrogation must be by express wording or necessary implication.").

**8.** Section 549.09 states: "Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed ... from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first." Minn.Stat. § 549.09 subdiv. 1(b).

etary limit in underinsured motorist policy to § 549.09); *Lund v. Larsen*, 222 Minn. 438, 24 N.W.2d 827, 829–30 (1946) (distinguishing interest expressly agreed upon in contract from interest as damages awarded by statute). Minnesota courts, however, also characterize prejudgment interest as promoting settlements. *See Burniece v. Ill. Farmers Ins. Co.*, 398 N.W.2d 542, 544 (Minn.1987); *see also Arcadia Dev. Corp. v. County of Hennepin*, 528 N.W.2d 857, 861 (Minn.1995) (noting legislative policy for prejudgment interest is to provide compensation and promote settlements); *Nelson v. Ill. Farmers Ins. Co.*, 567 N.W.2d 538, 543 (Minn.Ct.App.1997); *Casey v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 736, 739 (Minn.Ct.App.1991).

The *Lessard* court capped prejudgment interest under § 549.09 at the policy limit, but limited its holding to underinsured motorist coverage. *See Lessard*, 514 N.W.2d at 558–59 ("In conclusion, because prejudgment interest is an element of compensatory damages, we hold that an insurer providing underinsured motorist coverage is not liable for that portion of pre-award interest under [§ 549.09] which, when added to total damages, would exceed policy liability limits."). Minnesota courts have not extended *Lessard* to insurance policies under other interest statutes. *See, e.g., McGoff v. AMCO Ins. Co.*, 575 N.W.2d 118, 120 (Minn.Ct.App.1998) (noting *Lessard* court's avoidance of construing § 65B.49 to provide that insurer would never have to pay interest in excess of policy limits).

 For example, the no-fault insurance statute states: "[o]verdue payments shall bear simple interest at the rate of 15 percent per annum." Minn.Stat. § 65B.54

subdiv. 2. Under § 65B.54, interest is both compensatory and punitive. *Burniece*, 398 N.W.2d at 544 (noting dual purposes of compensating insured and encouraging prompt payment of benefits); *McGoff*, 575 N.W.2d at 119–20 (distinguishing holding of *Lessard* based on qualifying language and different purpose of interest); *see also Lessard*, 514 N.W.2d at 559 (distinguishing Michigan statute based on lack of qualifying "except as otherwise provided by contract" language).

Section 60A.0811 is akin to § 65B.54. Both statutes lack the "except as otherwise provided by contract" exception of § 549.09. Unlike § 549.09, interest under § 60A.0811 is not purely compensatory, but encourages settlement. The award of interest from the date that an insured requests payment creates an incentive for a commercial insurer to resolve insurance coverage disputes quickly. Therefore, prejudgment interest under § 60A.0811 serves both a compensatory and a penal purpose, and the policy-limit cap on prejudgment interest under § 549.09 does not extend to § 60A.0811.[9]

### CONCLUSION

Based on the above, § 60A.0811 entitles Owatonna Clinic to prejudgment interest on the Policy limit at a rate of ten percent per annum from October 1, 2007, to November 2, 2009. Accordingly, **IT IS HEREBY ORDERED** that Owatonna Clinic's motion for entry of judgment [Doc. No. 115] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

9. As already noted, the plain language of § 60A.0811 is not susceptible of a limiting interpretation. Thus, even if the uninsured-motorist cases under § 549.09 applied to the present case, the statute would abrogate by necessary implication a policy-limit cap on prejudgment interest.